UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK A. DABNEY,

        Petitioner,

v.                               Case No. 23-CV-885

WARDEN MICHAEL GIERACH,

        Respondent.

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Mark A. Dabney was charged in Milwaukee County Circuit Court in Case Number 2022CF1711. The court dismissed that action pursuant to Wis. Stat. § 971.11. (ECF No. 5 at 6.) But the dismissal was without prejudice, and the state refiled the charges as case number 2023CF2219. That case remains pending.

Dabney argues that the circuit court erred in dismissing the first action without prejudice.

Because Dabney has not yet been convicted, his action is properly under 28 U.S.C. § 2241 rather than § 2254. *See Jackson v. Clements*, 796 F.3d 841, 842 (7th Cir. 2015). But the distinction is largely inconsequential at this stage. *See Zollicoffer v. Johnson*, No. 22-CV-1500, 2023 U.S. Dist. LEXIS 26099, at *1 (E.D. Wis. Jan. 30, 2023).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK A. DABNEY,

    Petitioner,

v.                         Case No. 23-CV-885

WARDEN MICHAEL GIERACH,

    Respondent.

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Mark A. Dabney was charged in Milwaukee County Circuit Court in Case Number 2022CF1711. The court dismissed that action pursuant to Wis. Stat. § 971.11. (ECF No. 5 at 6.) But the dismissal was without prejudice, and the state refiled the charges as case number 2023CF2219. That case remains pending.

Dabney argues that the circuit court erred in dismissing the first action without prejudice.

Because Dabney has not yet been convicted, his action is properly under 28 U.S.C. § 2241 rather than § 2254. *See Jackson v. Clements*, 796 F.3d 841, 842 (7th Cir. 2015). But the distinction is largely inconsequential at this stage. *See Zollicoffer v. Johnson*, No. 22-CV-1500, 2023 U.S. Dist. LEXIS 26099, at *1 (E.D. Wis. Jan. 30, 2023).

In accordance with Rule 1(b) of the Rules Governing Section 2254 Cases and Civil L.R. 9(a)(2), the court applies the Rules Governing Section 2254 cases to petitions for a writ of habeas corpus under 28 U.S.C. § 2241. The court must now screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states,

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Although the exhaustion of state court remedies is not explicitly required by § 2241(c)(3) like it is for a petition under § 2254, "the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to [such petitions]." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999) (citing *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (in turn citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973))); *see also United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991) (citing *Baldwin v. Lewis*, 442 F.2d 29, 31-33 (7th Cir. 1971) (internal citations omitted)) ("While these applicants are not subject to the statutory requirement of exhaustion of remedies, federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ."); *Farrior v. Clark*, 2006 U.S. Dist. LEXIS 48420 (E.D. Wis. 2006).

> The exhaustion doctrine requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief. In most cases courts will not consider claims that can be raised at trial and

in subsequent state proceedings. A petitioner will be held to have exhausted his remedies before trial only in "special circumstances."

*Blanck*, 48 F. Supp. 2d at 860 (citing *United States v. Elrod*, 589 F.2d 327, 329 (7th Cir. 1979) (in turn quoting *Braden*, 410 U.S. at 489).

Exhaustion generally means that every level of state court must first be given a "full and fair opportunity" to adjudicate each of the prisoner's constitutional claims. *Moore v. Parke*, 148 F.3d 705, 708 (7th Cir. 1998) (citing *Picard*, 404 U.S. at 276). A full opportunity means the prisoner's claims were presented through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To fairly present claims, "both the operative facts and controlling law must be put before the state courts." *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006) (citing *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001)).

Dabney has made no effort to exhaust his remedies in state court. He has not presented his claims to the Wisconsin Court of Appeals or the Wisconsin Supreme Court. (ECF No. 5 at 3-6.) Therefore, dismissal is appropriate.

**IT IS THEREFORE RECOMMENDED** that Dabney's amended petition and this action be dismissed without prejudice.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this

recommendation. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 21st day of July, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge