# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARK A. DABNEY,<br><br>      Petitioner,<br><br>v.<br><br>WARDEN MICHAEL GIERACH,<br><br>      Respondent. | Case No. 23-CV-885-JPS<br><br>**ORDER** |

  On July 5, 2023, Petitioner Mark Dabney ("Petitioner") filed what purported to be a habeas petition pursuant to 28 U.S.C. § 2254. ECF No. 1. Magistrate Judge William E. Duffin directed Petitioner to refile his petition using the correct form. ECF No. 3. Petitioner did so, and his amended petition is now operative in this matter. ECF No. 5. The amended petition, also brought under 28 U.S.C. § 2254, attempts to challenge Petitioner's state court case. *Id.* at 2 (citing Milwaukee County Circuit Court case 22CF1771). That case was dismissed without prejudice on May 23, 2023, after Petitioner filed a motion for prompt disposition of the case. *See id.* at 6–7; *see also* Milwaukee County Circuit Court Case No. 2022CF001771, *available at* https://wcca.wicourts.gov (last visited Aug. 10, 2023). However, the same day, the same charges were brought against Petitioner in a new case, which is currently pending. Milwaukee County Circuit Court Case No. 2023CF002219, *available at* https://wcca.wicourts.gov (last visited Aug. 10, 2023).

  Petitioner seeks habeas relief because the initial state court case was dismissed without prejudice but—he argues—"should have been dismissed with prejudice." ECF No. 5 at 2. It is not clear from the face of the

petition what Petitioner's precise federal constitutional theory for challenging his prosecution is.

Judge Duffin screened the amended petition pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings. ECF No. 6. Rule 4 provides that courts should dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Judge Duffin began by noting that "[b]ecause Dabney has not yet been convicted, his action is properly under 28 U.S.C. § 2241 rather than § 2254. . . . But the distinction is largely inconsequential at this stage." ECF No. 6 at 1 (internal citation omitted). He went on to explain that "[a]lthough the exhaustion of state court remedies is not explicitly required by § 2241(c)(3) like it is for a petition under § 2254, 'the interest of comity have caused courts to apply the doctrine of exhaustion of state remedies to [such petitions].'" *Id.* at 2 (quoting *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999)). Because Petitioner has not presented his claims to the Wisconsin Court of Appeals or the Wisconsin Supreme Court, Judge Duffin recommended that the petition and this case be dismissed without prejudice for failure to exhaust state court remedies. *Id.* at 3. Petitioner was notified that he had fourteen days in which to file written objections to Judge Duffin's recommendation, *id.* at 3–4; he filed none.

When reviewing a magistrate's recommendation, this Court is obliged to analyze de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*. The Court's review encompasses both the magistrate's legal analysis and factual findings. *Id*.

Judge Duffin correctly concluded that Petitioner has failed to exhaust his state court remedies and that his petition must be dismissed without prejudice. A search of state appellate court dockets on the Wisconsin Circuit Court Access Program shows no pending appeal as to either case. *See* Case Search, https://wscca.wicourts.gov/caseSearchPage.do (search "Mark Dabney"). The docket in Case 2023CF002219 does not indicate Petitioner or his counsel has raised any constitutional challenge to the current prosecution. *See generally* Milwaukee County Circuit Court Case No. 2023CF002219, *available at* https://wcca.wicourts.gov (last visited Aug. 10, 2023). Petitioner has offered no objection to this conclusion, and the Court has no independent basis to reject it. *Cf. Blanck*, 48 F. Supp. 2d at 861 (explaining that federal courts may consider a double jeopardy claim prior to a state court trial "so long as [the petitioner] has exhausted his state remedies" and explaining that exhaustion in this context would likely require raising the challenge in the trial court and seeking interlocutory review if the challenge is denied) (citing *Justs. of Bos. Mun. Ct. v. Lydon*, 466 U.S. 294, 302–03 (1984)).

Therefore, the Court will adopt Judge Duffin's report and recommendation, deny the petition without prejudice, and dismiss this action without prejudice.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that

the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). As the Court discussed above, the petition articulates no specific theory of a constitution violation, so the Court could not possibly conclude Petitioner has made a substantial showing of the denial of a constitutional right. The Court must, therefore, deny Petitioner a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Magistrate Judge William E. Duffin's report and recommendation, ECF No. 6, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Petitioner Mark A. Dabney's amended petition for writ of habeas corpus, ECF No. 5, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this matter be and the same is hereby **DISMISSED without prejudice** for failure to exhaust.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 15th day of August, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge